UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEVY GARDENS PARTNERS 2007, LP | CIVIL ACTION |
| VERSUS | NO. 10-4261 |
| LEWIS TITLE INSURANCE COMPANY, INC., ET AL. | SECTION "N" (2) |

## ORDER AND REASONS

Before the Court is the "Motion for Entry of Judgment and Certification for Interlocutory Appeal Under 28 U.S.C. §1292(b), and Stay of Trial" (Rec. Doc. 95), filed by Defendant Commonwealth Land Title Insurance Company ("Commonwealth"). This motion is opposed by Plaintiff Levy Gardens Partners ("Levy Gardens"). After considering all the memoranda of the parties (including the Reply at Rec. Doc. 104) and the applicable law, the Court denies this motion.

Before a district court may certify an order for interlocutory appeal, the moving party must demonstrate that the matter involves (1) a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order would materially advance the ultimate termination of the litigation. See 28 U.S.C. § 1292(b). See also *Complaint of L.L.P. & D. Marine, Inc.*, Nos. Civ. A. 97-1668, 97-2992, 97-3349, 1998 WL 66100, at * 1 (E.D.La. Feb.13, 1998) (explaining that the moving party bears the burden of "demonstrating the necessity of an interlocutory appeal"). An interlocutory appeal, however, is

"exceptional" and assuredly does not lie simply to determine the correctness of a judgment." *Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 68, 69 (5th Cir.1983).

Here, the Court determines that an immediate appeal from the May 16, 2011 Order and Reasons, which deals with the cross motions for summary judgment filed by the parties, would not materially advance the ultimate termination of this litigation.  Allowing an appeal in this instance, only to determine the correctness of its May 16, 2011 Order and Reasons, would significantly impede the progress of this litigation. Indeed, a bench trial is currently set for September 26, 2011, and there are currently four pending dispositive motions.  Thus, the ultimate termination of this litigation would not be advanced by granting this motion; instead, it would be prolonged. For these reasons, the Court concludes that the request to certify this particular issue under § 1292(b) and to stay the case while the correctness of its May 16, 2011 Order and Reasons is litigated on appeal is not appropriate.

Considering the foregoing, **IT IS ORDERED** that the **"Motion for Entry of Judgment and Certification for Interlocutory Appeal Under 28 U.S.C. §1292(b), and Stay of Trial"** **(Rec. Doc. 95)** is **GRANTED IN PART AND DENIED IN PART**, as set forth herein.

New Orleans, Louisiana, this 15th day of August, 2011.

_____
**KURT D. ENGELHARDT**
**United States District Judge**

2