UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEVY GARDENS PARTNERS 2007, LP | CIVIL ACTION |
| VERSUS | NO. 10-4261 |
| LEWIS TITLE INSURANCE COMPANY, INC., ET AL. | SECTION "N" (2) |

## ORDER AND REASONS

Before the Court is the "Motion to Exclude Expert Witness Testimony" (Rec. Doc. 145), filed by Defendant Commonwealth Land Title Insurance Company ("Commonwealth"). This motion is opposed by Plaintiff Levy Gardens Partners ("Levy Gardens") (See Rec. Doc. 157). After considering all the memoranda of the parties and the applicable law, the Court rules as set forth herein.

In this motion, Commonwealth requests that this Court exclude the testimony of Albert J. Aucoin, Jr. Commonwealth asserts that Aucoin's testimony fails to comport with the standards governing expert testimony, as outlined in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590-93, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) and Rule 702 of the Federal Rules of Evidence. This Court notes that the purpose of *Daubert* is "to ensure that only reliable and relevant expert testimony is presented to the jury." *Rushing v. Kansas City Southern Ry. Co.*, 185 F.3d 496, 506 (5th Cir.1999) (superseded by rule on other grounds), *citing Daubert*, 509 U.S. at 590-93. Thus, "[m]ost of the safeguards provided for in *Daubert* are not as essential in a case

such as this where a district judge sits as the trier of fact in place of a jury." *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000). "*Daubert* requires a binary choice - admit or exclude - and a judge in a bench trial should have discretion to admit questionable technical evidence, though of course he must not give it more weight than it deserves." *SmithKline Beecham Corp. v. Apotex Corp.*, 247 F.Supp.2d 1011, 1042 (N.D.Ill. 2003). Given that this case is a bench trial, and thus that the objectives of *Daubert*, upon which Commonwealth's motion is premised, are no longer implicated, the Court finds that the motion to exclude expert testimony should be denied at this time. Furthermore, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

Considering the foregoing, **IT IS ORDERED** that the **"Motion to Exclude Expert Witness Testimony" (Rec. Doc. 145) is DENIED**.

New Orleans, Louisiana, this 8th day of September, 2011.

**KURT D. ENGELHARDT**
**United States District Judge**