UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEVY GARDENS PARTNERS 2007, LP | CIVIL ACTION |
| VERSUS | NO. 10-4261 |
| LEWIS TITLE INSURANCE COMPANY, INC., ET AL | SECTION "N"  (2) |

## **ORDER AND REASONS**

Before the Court is the "Motion to Quash Subpoena" filed by Plaintiff Levy Gardens Partners 2007, LP ("Levy Gardens") (Rec. Doc. No. 171). This motion is directed to:

1. Subpoena issued to Levy Gardens on September 8, 2011;

2. Subpoena issued to Henry Klein, individually and as a partner of Levy Gardens, on September 8, 2011; and

3. Subpoena issued to Regina Heisler, individually, as Testamentary Executrix of the Succession of Frederick Heisler, and as a partner of Levy Gardens, on September 8, 2011.

The motion is opposed by defendant Commonwealth Land Title Insurance Company ("Commonwealth") (Rec. Doc. No. 175).

1

The subpoenas issued call for the production of documents at trial. To the extent that any documents called for in these subpoenas have already been timely produced pursuant to discovery in the ordinary course of litigation, the motion is **DENIED AS MOOT**.

To the extent that these three subpoenas call for the production of documents that have not previously been timely produced, whether formally requested or not, the motion is **GRANTED**. Commonwealth claims that it previously requested this material during the discovery process, specifically citing a Request for Production of Documents directed to Levy Gardens on July 1, 2011. If Commonwealth believes that other documents exist which have been timely requested but not produced, the appropriate relief was to file a motion to compel before the assigned magistrate judge, who can then hear the issue and, if he so chose, order their production within a certain period of time. All of this, however, should have taken place during the normal course of discovery (and motion practice), not in connection with trial preparation well beyond the discovery deadline. To be clear, the undersigned will not allow documents to be produced for the very first time in court during trial, such that counsel may peruse them for the first time with witnesses on the stand.

To the extent that any such documents are not specifically listed as exhibits in the pre-trial order, and have not been timely produced heretofore, the Motion to Quash Subpoena is **GRANTED**, and the subpoenas are hereby **QUASHED**.

For the foregoing reasons, the "Motion to Quash Subpoena" filed by Plaintiff Levy Gardens Partners 2007, LP (Rec. Doc. No. 171) is **DENIED IN PART AS MOOT** to the extent that it might encompass documents which have been timely produced and which have been listed as trial exhibits

2

in the pre-trial order and in the book of exhibits to be submitted to the Court pre-trial; and **GRANTED**, so as to quash these three subpoenas to the extent they call for the production of documents not already specifically identified as trial exhibits in the pre-trial order and in the book of exhibits submitted to the Court.

New Orleans, Louisiana, this 22nd day of September, 2011.

_____
**KURT D. ENGELHARDT**
**United States District Judge**