UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEVY GARDENS PARTNERS 2007, LP | CIVIL ACTION |
| VERSUS | NO.  10-4261 |
| LEWIS TITLE INSURANCE COMPANY, INC., ET AL | SECTION "N"  (2) |

## ORDER AND REASONS

Before the Court are the objections of defendant Commonwealth Land Title Insurance

Company ("Commonwealth") to Exhibits listed by Plaintiff Levy Gardens Partners 2007, LP ("Levy

Gardens") (Rec. Doc. No. 172).  Levy Gardens has filed a response (Rec. Doc. No. 176) to these

objections.  The Court rules as follows.

**Exhibit No. 6**

In light of the stipulation that Levy Gardens paid the claimed $100, this objection is

**sustained**.

**Exhibit No. 7**

This objection is **sustained**.  See Rec. Doc. No. 86 - the Court's Order and Reasons

regarding Commonwealth's Motion for Summary Judgment - Rec. Doc. No. 70.

**Exhibit Nos. 11, 12, 13 and 59**

These exhibits are **withdrawn**; the objections are **moot**.

1

**Exhibit Nos. 28 and 29**

These exhibits appear to relate to arbitration proceedings which will not go forward prior to trial.  The objections are **moot**.

**Exhibit No. 39**

This objection is **sustained**.  The coverages in this case are governed by the policy itself.

**Exhibit No. 86**

This objection is **sustained**, on the showing made.

**Exhibit No. 93**

This objection is **sustained**.  The obligations between the parties shall be governed by the policy itself as well as any statutory provisions and controlling jurisprudence.

**Exhibit No. 97**

This objection is **overruled as moot**.  Counsel for all parties were ordered to file into the record all trial stipulations, signed by both counsel, including stipulations which appear to be contained in this exhibit.

**Exhibit No. 98**

This description appears to be overly broad.  If specific contents of the Lewis Title file are relevant, they should be identified and labeled 98(a), 98(b), 98(c), etc.  To the extent that this exhibit is an *in globo* collection of documents, the objection is **sustained**, without prejudice to plaintiff's right to identify specific documents (or smaller groupings of documents) and label them accordingly.

**Exhibit Nos. 106 and 121**

This objection is **sustained**.  To the extent any such documents were the subject of an asserted privilege, the appropriate pursuit of such documents could have taken place before the assigned magistrate judge.  The Court will not imply bad faith, ill motive, adverse connotation or attribute any other actions to a party simply because it asserts privilege (even though such privilege is now contested) over a document or collection of documents.  Documents identified and listed on a privileged log are not "hidden" so as to demonstrate bad faith and/or arbitrary and capricious behavior.

**Exhibit No. 107**

In light of Mr. Klein's expected testimony at trial, this objection is **overruled as moot**.

**Exhibit No. 108**

In light of Mr. Lehman's expected testimony at trial, this objection is **overruled as moot**.

**Exhibit No. 109**

This objection is **referred to trial**; however, to the extent that any documents were not timely produced pursuant to this Court's deadlines, this objection will be **sustained**.  Plaintiff must be able to demonstrate that these documents were included in the timely discovery production.  This objection is also **sustained** on the basis of authenticity, unless such can be remedied at trial.  Lastly, this objection is **sustained** as being overly broad.  (See ruling on objection to Exhibit No. 98.)

**Exhibit No. 119**

In light of Mr. Klein's expected testimony at trial, this objection is **overruled as moot**.

**Exhibit No. 120**

In light of Mr. Klein's expected testimony at trial, this objection is **overruled as moot**.

**Exhibit No. 122**

This objection is **sustained**.  The affidavit shall not be used in lieu of live testimony.

**Exhibit Nos. 123, 134, 135, 136, 137, 140**

These objections are **sustained** on grounds of relevance.

**Exhibit No. 128**

This objection is **sustained**.  The obligations between the parties shall be governed by the policy itself as well as any statutory provisions and controlling jurisprudence.

**Exhibit No. 129**

This objection is **sustained**.  The obligations between the parties shall be governed by the policy itself as well as any statutory provisions and controlling jurisprudence.

Ruling on the objections to the following exhibits shall be **referred to trial**, and shall be heard in connection with the offering of each such exhibit: Nos. 31, 41, 42, 45, 50, 62, 63, 64, 65, 67, 72, 75, 80, 81, 82, 94, 96, 114, 116, 117, 118, 126, 127, 133, 139, 141, and 143.

New Orleans, Louisiana, this 22nd day of September, 2011.

_____
**KURT D. ENGELHARDT**
**United States District Judge**